UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA MARY DURAM,

    Petitioner,               Case No. 2:20-CV-13429
                                    HONORABLE VICTORIA A. ROBERTS
v.                             UNITED STATES DISTRICT COURT JUDGE

JEREMY HOWARD,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Glenna Mary Duram, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions for first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and felony-firearm, MICH. COMP. LAWS § 750.227b. Petitioner filed a motion hold the petition in abeyance to permit her to return to the state courts to present additional claims.

The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust her additional claims. The Court administratively closes the case.

### I. Background

Petitioner was convicted following a jury trial in the Newaygo County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Duram*, No.

1

340486, 2019 WL 1924935 (Mich. Ct. App. Apr. 30, 2019), *lv. den.* 505 Mich. 941, 936 N.W.2d 306 (2019).

On December 21, 2020, Petitioner filed her application for writ of habeas corpus.[1] Petitioner seeks habeas relief on the claim that she raised in the state courts on her direct appeal.

## II. Discussion

Petitioner filed a motion to hold the habeas petition in abeyance. Petitioner wishes to return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition.

A federal district court has the power to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner actually filed her habeas petition on December 21, 2020, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

2

*Nowaczyk*, 299 F. 3d at 83); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The motion to hold the petition in abeyance is granted. The outright dismissal of the petition, even if it is without prejudice, might bar review of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common reason for holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations support holding the petition in abeyance while Petitioner returns to the state courts to exhaust her new claims. Specifically, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, [she] would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

3

Other factors support the issuance of a stay. This Court is currently unable to determine whether Petitioner's new claims have any merit; the Court cannot say that the claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time conclude that Petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' ruling on these claims in determining whether to permit Petitioner to amend her petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should she seek habeas relief on her new claims. *Thomas,* 89 F. Supp. 3d at 943.

When a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which she must proceed with her state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

4

The petition is held in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating her state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Newaygo County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED.** The Court holds the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. She shall notify this Court in writing that such motion papers have been filed in state court. If she fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only the claim that was raised in the

original petition. After Petitioner fully exhausts her new claims, she shall file an amended petition that includes the new claims within sixty days after the conclusion of her state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in the original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

s/ Victoria A. Roberts
**HON. VICTORIA A ROBERTS**
**Dated: 3/22/2021**    **UNITED STATES DISTRICT COURT JUDGE**