UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA MARY DURAM,

    Petitioner,

v.

    Case No. 2:20-CV-13429
    HONORABLE VICTORIA A. ROBERTS
    UNITED STATES DISTRICT COURT JUDGE

JEREMY HOWARD,

    Respondent,
_____/

## OPINION AND ORDER TO PETITIONER TO CLARIFY WHETHER SHE WISHES TO PROCEED ONLY ON HER EXHAUSTED CLAIM

Glenna Mary Duram, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the Court held the petition in abeyance so that Petitioner could exhaust additional claims with the state courts. *Duram v. Howard*, No. 2:20-CV-13429, 2021 WL 1087440 (E.D. Mich. Mar. 22, 2021)

Petitioner filed a motion to extend the time to file the post-conviction motion for relief from judgment with the state courts. Petitioner separately filed a motion to reopen the case. Petitioner filed an amended habeas petition, which included two claims that had yet to be exhausted with the state courts. The motion for an extension of time to file the post-conviction motion for relief from judgment was granted. The motion to reopen the case was denied as premature. (ECF No. 8).

1

Petitioner moved again to reopen her case. Petitioner refers to her earlier motion and the amended petition.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 F. App'x. 414, 421 (6th Cir. 2005). A federal district court has the power to amend a previously dismissed habeas petition to delete an unexhausted claim and then to reinstate that amended petition to the Court's active docket. *See e.g. Hoffman v. Jones,* 159 F. Supp. 2d 648, 649 (E.D. Mich. 2001). Petitioner's request to reopen the case and proceed with the amended petition, which contains unexhausted claims, is inconsistent with any desire to delete the unexhausted portion of these claims from her petition. *See e.g. Eckford v. Burt,* No. 2:10–CV–12103, 2011 WL 379416, * 3 (E.D. Mich. Feb. 3, 2011).

Petitioner is ordered to clarify to this Court within **thirty (30) days** of this order whether she wishes to delete the unexhausted claims from her amended petition and proceed only with the exhausted claim contained in her original petition or whether she wishes to continue to have the petition held in abeyance so she can exhaust these additional claims. *Bentley v. Howes*, No. No. 2:09–CV–10106, 2009

WL 2849527 (E.D. Mich. Aug. 31, 2009).  If petitioner fails to do so by that date, the case will remain closed.

s/ Victoria A. Roberts<br>
HON. VICTORIA A ROBERTS<br>
UNITED STATES DISTRICT JUDGE

Dated:  8/12/2021