UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA MARY DURAM,

    Petitioner,

v.

    Case No. 2:20-CV-13429
    HONORABLE VICTORIA A. ROBERTS
    UNITED STATES DISTRICT COURT JUDGE

JEREMY HOWARD,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO REOPEN THE CASE AND GRANTING PETITIONER A SECOND EXTENSION OF TIME TO FILE HER POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT

The matter is before the Court on Petitioner's Motion to Clarify. For the reasons that follow, the motion to reopen the case is denied as premature. Petitioner is granted a second extension of time to file a post-conviction motion for relief from judgment with the trial court.

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the Court held the petition in abeyance so that Petitioner could exhaust additional claims with the state courts. *Duram v. Howard*, No. 2:20-CV-13429, 2021 WL 1087440 (E.D. Mich. Mar. 22, 2021)

Petitioner filed a motion to extend the time to file the post-conviction motion for relief from judgment with the state courts. Petitioner separately filed a motion

1

to reopen the case. Petitioner filed an amended habeas petition, which included two claims that had yet to be exhausted with the state courts. The motion for an extension of time to file the post-conviction motion for relief from judgment was granted. The motion to reopen the case was denied as premature. (ECF No. 8).

Petitioner moved again to reopen her case. (ECF No. 9). Petitioner referred to her earlier motion and the amended petition.

The Court ordered Petitioner to clarify whether or not she wished to delete her unexhausted claims and proceed only with her exhausted claim. (ECF No. 10).

Petitioner filed a motion to clarify in response. (ECF No. 11). Petitioner argues that her unexhausted claims were in fact exhausted when Ann Prater, her appellate attorney, filed a Motion in the Michigan Court of Appeals on October 18, 2019 to remand the case to the trial court for a *Ginther* hearing. (*Id.*, PageID. 81). In the alternative, Petitioner asks this Court to continue to hold the case in abeyance so that she can exhaust these claims, if the Court deems them unexhausted.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 F. App'x. 414, 421 (6th Cir. 2005). A federal district court has the power to amend a previously dismissed habeas petition to delete an unexhausted

2

claim and then to reinstate that amended petition to the Court's active docket. *See e.g. Hoffman v. Jones,* 159 F. Supp. 2d 648, 649 (E.D. Mich. 2001).

Petitioner's ineffective assistance of trial and appellate counsel claims have not been exhausted with the state courts.

Petitioner in her amended petition raises a claim that trial counsel was ineffective in a myriad of ways. (ECF No. 7, PageID. 44). She also raises a claim that she was denied the effective assistance of appellate counsel because: (1) appellate counsel failed to raise the ineffective assistance of trial counsel claim on the appeal of right and (2) appellate counsel was laboring under a conflict of interest because they represented Petitioner at trial, hence, they could not raise their own ineffectiveness on appeal. (*Id.,* PageID. 45). Petitioner indicates in her amended petition that she was represented both at trial and on appeal by Mark C. Miller and Rick A Prysock. She also indicates that Ann M. Prater represented her on appeal. (*Id.*, PageID. 49).

This Court viewed the docket from Petitioner's appeal case. https://www.courts.michigan.gov/c/courts/coa/case/340486. [1] It appears that Petitioner was represented by Mark C. Miller before the Michigan Court of Appeals. Ms. Prater was appointed to represent Petitioner in her application for leave to appeal

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

to the Michigan Supreme Court. ² Although the motion to remand that Petitioner attaches to her motion to clarify has a heading for the Michigan Court of Appeals, it appears from the docket sheet that this motion was filed in the Michigan Supreme Court. This would be consistent with the fact that the Michigan Court of Appeals affirmed Petitioner's conviction on April 30, 2019 before this motion to remand was filed. *People v. Duram*, No. 340486, 2019 WL 1924935 (Mich. Ct. App. Apr. 30, 2019). A review of that opinion shows no mention of a motion to remand or an ineffective assistance of trial counsel claim. Further evidence that this motion was filed in the Michigan Supreme Court is the fact that the motion to remand was denied when the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Duram*, 505 Mich. 941, 936 N.W.2d 306 (2019).

Petitioner raised her ineffective assistance of trial counsel claim for the first time before the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present her ineffective assistance of trial counsel claims on her appeal of right with the Michigan Court of Appeals; the subsequent presentation of these claims to the Michigan Supreme Court does not

---

² The order of appointment, dated July 25, 2019, has the name of Ann M. Labreck, but the bar number is the same as the bar number for Ann M. Prater.

4

satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006).

There is no allegation or evidence that Petitioner's third claim alleging the ineffective assistance of appellate counsel claim was exhausted on direct appeal. Petitioner's ineffective assistance of appellate counsel is itself subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004). State post-conviction review would actually be the first opportunity that Petitioner has to raise an ineffective assistance of appellate counsel claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

The Court denies Petitioner's motion to reopen the case as premature; her second and third claims are unexhausted.

Petitioner is granted a sixty day extension of time to file her motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005).

**IT IS HEREBY ORDERED** that:

(1) The motion to reopen the case is DENIED. (ECF No. 10).

(2) The motion to clarify (ECF No. 11) is GRANTED in part. The Court continues to hold the petition in abeyance while Petitioner

exhausts her claims in the state courts. Petitioner is GRANTED a sixty day extension of time from the date of this order to file her post-conviction motion with the state trial court. All of other conditions of the original abeyance order remain in effect.

s/ Victoria A. Roberts
**HON. VICTORIA A ROBERTS**
**Dated: 3/10/2022**     **UNITED STATES DISTRICT COURT JUDGE**